IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SLEDGE | § | |
| VS. | § | CIVIL ACTION NO. 5:12cv57 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Christopher Sledge, an inmate confined in the Texas Department of Criminal Justice Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus should be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court concludes petitioner's objections should be overruled. As the magistrate judge determined, petitioner's petition is barred by the applicable statute of limitations. Petitioner contends he is proceeding *pro se* without the assistance of counsel and he lacks experience; thus, he should be entitled to equitable tolling. Equitable tolling, however, is

permitted only in rare and exceptional circumstances where the petitioner has diligently pursued his rights. *See Holland v. Florida*, 560 U.S. 631, __, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It is well settled that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Additionally, the factual basis of petitioner's claims were known or could have been discovered at the time of his revocation. Thus, the petition should be dismissed as barred by the applicable statute of limitations.[1]

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered

---

[1] As the magistrate judge noted, petitioner has another petition pending before this court. *See Sledge v. Thaler*, Civil Action No. 5:11cv78 (E.D. Tex.). Petitioner may seek leave to amend his other petition to add these claims. However, as the magistrate judge cautioned, the applicable limitations period may still bar the claims.

in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**It is SO ORDERED.**

**SIGNED this 17th day of December, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE